IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA e*x rel.* HARROLD E. (GENE) WRIGHT,<br><br>Plaintiffs,<br><br>v.<br><br>CHEVRON USA INC., CHEVRON CORPORATION, TEXACO INC., TEXACO EXPLORATION AND PRODUCTION INC., UNOCAL CORPORATION AND UNION OIL COMPANY OF CALIFORNIA,<br><br>Defendants. | § § § § § § § § § § § § § § § § § No. 5:10cv8 |

**FINAL JUDGMENT AND ORDER OF DISMISSAL**

WHEREAS, by order dated December 30, 2008 (Dkt. No. 1593), this Court granted the motion pursuant to Rule 25 to substitute Elizabeth A. Wright and Bradley S. Wright as Relators following the death of Harrold E. (Gene) Wright;

WHEREAS, by order dated December 8, 2009 (Dkt. No. 1634), this Court granted the motion of the United States to intervene against Chevron U.S.A. Inc., Chevron Corporation, Texaco Inc., Texaco Exploration and Production Inc., Unocal Corporation and Union Oil Company of California (collectively "Defendants") for the purpose of settlement;

WHEREAS, the parties have jointly moved for the entry of Final Judgment and an Order of Dismissal pursuant to the Settlement Agreement, dated December 23, 2009, between (1) the United States of America, acting through the United States Department of Justice and the United States Department of the Interior, itself acting through the Minerals Management Service; and the Bureau of Indian Affairs, on behalf of itself and on behalf of various individual Indian

mineral owners; (2) the Shosone and Arapahoe Tribes and the Southern Ute Indian Tribe;
(3) Elizabeth Wright and Bradley Wright, Appointed Successors of Harold E. ("Gene") Wright, deceased; (4) Chevron Corporation, Chevron U.S.A. Inc., Texaco Inc., Texaco Exploration and Production Inc., Unocal Corporation and Union Oil Company of California, pursuant to which certain claims asserted against Defendants are to be dismissed with prejudice as to the United States; certain claims are to be dismissed without prejudice to the United States; and all claims asserted against Defendants are to be dismissed with prejudice to Relators.

WHEREAS, by order dated January 11, 2010 (Dkt. No. 1636), this Court has severed all claims asserted by Relators and the United States against Defendants for the purposes of entry of a Final Judgment resolving all claims against Defendants;

IT IS THEREFORE ORDERED AS FOLLOWS:

I.

The following claims against Defendants are dismissed with prejudice to the United States:

All claims based upon any of the following alleged conduct:

1) From September 1996 to April 2003 Chevron sold gas, and from September 1996 to December 2006 Chevron sold gas plant products and downstream condensate, produced from its federal and Indian leases to NGC Corporation and its successor Dynegy, Inc. and other NGC/Dynegy affiliates (hereinafter collectively "Dynegy"), and entered into processing agreements with Dynegy. During at least a portion of that time, Chevron valued gas, gas plant products and downstream condensate transferred in these transactions based on its position that the various Chevron/Dynegy sales and processing agreements were arm's-length contracts. In addition, Chevron improperly valued the gas, gas plant products and downstream condensate

transferred in these transactions based on the proceeds it received from Dynegy rather than based upon the prices obtained when NGC/Dynegy sold them to third parties. As a consequence, Chevron underreported and underpaid royalties;

    2)      From 1997 to August 2006 Unocal sold gas, gas plant products and downstream condensate produced from its federal and Indian leases to Unocal Energy Trading, Inc. and other affiliates. During that period, Unocal improperly valued the gas, gas plant products and downstream condensate transferred in these transactions for royalty purposes based on the proceeds it received from its affiliates rather than based upon the prices obtained when the affiliates sold them to third parties. As a consequence, Unocal underreported and underpaid royalties;

    3)      For some periods from 1987 to March 2002 Texaco sold its gas; gas plant products and downstream condensate to its affiliate initially named Texaco Gas Marketing Inc., Texaco Natural Gas Inc. and other affiliates. During that period, Texaco improperly valued the gas, gas plant products and downstream condensate transferred in these transactions for royalty purposes based on the proceeds it received from its affiliates rather than based upon the prices obtained when the affiliates sold them to third parties. As a consequence, Texaco underreported and underpaid royalties;

    4)      From 1996 to November 1, 2008, Chevron, from 1987 to 2002, Texaco, and from 1997 to November 1, 2008, Unocal, in certain instances erroneously reported and paid royalties for gas under 30 C.F.R. § 206.152 when they should have reported and paid royalties for gas and gas plant products under 30 C.F.R. § 206.153. As a consequence, Chevron, Texaco and Unocal underreported and underpaid royalties;

5) From 1986 to November 1, 2008, the Settling Defendants improperly took processing deductions for costs of boosting residue gas as prohibited by 30 C.F.R. §§ 202.151(b) and 206.158(d)(1), including capital, operating and other costs related to boosting, and/or failed to report or pay royalties on gas consumed for boosting residue gas and thereby underreported and underpaid royalties thereon.

II.

All other claims against Defendants are dismissed without prejudice to the United States.

III.

All claims against Defendants are dismissed with prejudice to Relators Elizabeth A. Wright and Bradley S. Wright as successors to Relator Harrold E. (Gene) Wright, deceased.

IV.

Defendants' payment of attorneys fees and costs pursuant to the Settlement Agreement covers all attorneys fees and costs that might be owed to any person in this matter pursuant to 31 U.S.C. § 3730(d) or other entitlement.

V.

This court will retain jurisdiction to enforce the terms of the Settlement Agreement.

VI.

All relief which is not expressly granted herein is denied. This is a Final Judgment.

- 5 -

VII.

There is no just reason for delay in entry of this Final Judgment and Order of Dismissal. The Clerk is directed to enter Final Judgment.

**SIGNED this 19th day of January, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

Case 5:10-cv-00008-DF-DEK Document 9 Filed 01/19/10 Page 5 of 5 PageID #: 269